

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00267-CV

ARLENE RAMOS                                           APPELLANT

V.

THE STATE OF TEXAS                              APPELLEE

----------

## FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Arlene Ramos filed a notice of appeal on July 22, 2013. On August 2, 2013, we notified Ramos of our concern that we may not have jurisdiction over this appeal because there is no appealable order. We informed Ramos that the appeal would be dismissed for want of jurisdiction unless she or any party desiring to continue the appeal filed a response by August 12, 2013,

---

[1]See Tex. R. App. P. 47.4.

showing grounds for continuing the appeal.[2]  *See* Tex. R. App. P. 42.3(a), 44.3.

Ramos filed a response, but it does not show grounds for continuing the appeal.[3]

Accordingly, because there is no final judgment or appealable interlocutory order,

we dismiss this appeal for want of jurisdiction.[4]  *See* Tex. R. App. P. 43.2(f);

*Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

PER CURIAM

PANEL:  MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DELIVERED:  September 12, 2013

---

[2]The court also directed Ramos to file an amended notice of appeal.  *See* Tex. R. App. P. 25.1(d)(1), (2), (4).  She did not do so.

[3]Ramos filed three large manila envelopes that contain an assortment of personal documents and things, including magazines, gift cards, a Pez dispenser, and an opened bag of Funyuns.

[4]One of the documents that Ramos attached to her notice of appeal was a 2009 judgment of conviction for attempt to pass a forged check.  To the extent that she is attempting to appeal that four-and-a-half-year-old conviction, not only is the notice of appeal late, *see* Tex. R. App. P. 26.2(a), but the trial court's certification states that it "is a plea-bargain case, and the defendant has NO right of appeal."  Thus, dismissal of the appeal under those circumstances would also be warranted.  *See* Tex. R. App. P. 25.2(d).